1  Eric D. Houser, Esq. (SBN 130079)
2  John P. Ward (SBN 274895)
   HOUSER & ALLISON
3  A Professional Corporation
4  9970 Research Drive
   Irvine, California 92618
5  Telephone:  (949) 679-1111
6  Facsimile:   (949) 679-1112
   E-Mail: jward@houser-law.com
7  Attorneys for Defendant, Ocwen Loan Servicing, LLC
8  (erroneously named as Ocwen Loan Services, LLC)

9  **UNITED STATES DISTRICT COURT**
10
11 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| 12  GARY M. GARCIA, an individual, and KRISTINA GARCIA, an individual, | Case No.: 5:14-cv-01560-RGK-JC |
|---|---|
| 13 | Hon. R. Gary Klausner |
| 14 | |
| 15          Plaintiffs, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 16          v. | |
| 17 OCWEN LOAN SERVICES, LLC, a foreign limited liability company, and DOES 1-100, inclusive, | |
| 18 | **[Fed. R. Civ. Proc. 12(b)]** |
| 19 | |
| 20          Defendants. | Date:       September 29, 2014<br>Time:       9:00 a.m.<br>Courtroom: 850 |
| 21 | |

22      **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF
23 RECORD:**
24      **PLEASE TAKE NOTICE** that on September 29, 2014 at 9:00 a.m. or as
25 soon thereafter as may be heard, in Courtroom 850 of the above-entitled Court
26 located at 255 East Temple Street, Los Angeles, CA 90012, Defendant Ocwen
27 Loan Servicing, LLC (erroneously named as Ocwen Loan Services, LLC
28 ("Defendant") will and hereby does move this Court to dismiss the Complaint

1 filed by Plaintiffs Gary and Kristina Garcia ("Plaintiffs") with prejudice. This
2 motion is based upon the attached memorandum of points and authorities, all
3 papers and documents on file herein, the Court's files concerning this action, as
4 well as any oral argument that may be presented at the time of any hearing. The
5 grounds for this motion are that (1) Plaintiffs have failed to state a claim against
6 Defendant upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)], (2)
7 the defects in the Complaint are such that they are incurable and the Complaint is
8 incapable of amendment and (3) Plaintiffs can prove no set of facts in support of
9 their claims which would entitle them to relief. Accordingly, the Complaint and
10 the claims brought against Defendants therein should be dismissed with prejudice.
11 This Motion is made following the conference of counsel pursuant to L.R. 7-3
12 which took place on August 8, 2014.

14 Dated: August 22, 2014    HOUSER & ALLISON, APC

16                                  s/ John P. Ward
                                 John P. Ward
17                                  Attorneys for Defendant
18                                  OCWEN LOAN SERVICING, LLC (erroneously
                                 named as Ocwen Loan Services, LLC)

19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs are mortgage loan borrowers that stopped making their monthly loan payments. Defendant is the servicer for the mortgage loan. As result of Plaintiffs' failure to pay on their loan, the real property securing Plaintiffs' mortgage was sold at a non-judicial foreclosure in 2010. (Request for Judicial Notice, Exhibit A.) Plaintiffs allege the foreclosure was wrongful. (*E.g.*, Complaint, ¶ 23.)

This Motion to Dismiss is brought because all of the claims asserted in Plaintiffs' Complaint are barred as a matter of law. The first and second claims alleging violations of federal and state debt collection statutes fail as a matter of law because these statutes do not apply to loan servicers such as Defendant. Nor do the statutes apply to foreclosures. The second claim for violation of the California Credit Reporting Agencies Act fails because the statute does not provide for a private right of action and is preempted by federal law. The fourth claim fails because foreclosing on a defaulted loan does not constitute "outrageous" conduct sufficient to support a claim for intentional infliction of emotional distress. The fifth claim fails as a matter of law because injunctive relief is a remedy and a not a cause of action.

For these reasons and others set forth herein, this Motion should be granted and Plaintiff's Complaint should be dismissed with prejudice in its entirety.

## II. ANALYSIS

### A. The First Two Claims for Federal and State Debt Collection Violations Fail Because the Statutes Do Not Apply to Loan Servicers or Foreclosures.

Plaintiffs allege they are the victims of an unlawful foreclosure. (Complaint, ¶ 23.) Plaintiffs' claims under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act

1 ("RFDCPA") are barred by law for the following reasons:

2 First, only "debt collectors" may be liable under the FDCPA and the RFDCPA. *Izenberg v. ETS Servs., LLC,* 589 F.Supp.2d 1193, 1198–99 (C.D.Cal.2008). The term "debt collector" under the FDCPA and RFDCPA does not include creditors, mortgage beneficiaries and servicers, or assignees of a debt. *Anderson v. U.S. Bank Nat'l Ass'n,* 2013 WL 1629066 * 3 (S.D.Cal. 2013); *Lal v. American Home Servicing, Inc.* 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010).

8 Second, to be liable under both the RFDCPA and the FDCPA, a "debt collector" must engage in debt collection activities. *See Izenberg,supra,*589 F.Supp.2d at 1199. However, under both the RFDCPA and the FDCPA, foreclosing on a deed of trust does not constitute "debt collection." *Altman v. PNC Mortg.,* 850 F.Supp.2d 1057, 1971 (E.D.Cal.2012); *Rosal v. First Fidelity Bank of CA,* 671 F.Supp.2d 1111, 1135 (N.D.Cal.2009); *Gamboa v. Trustee Corps,* 2009 WL 656285 at *4 (N.D.Cal.); *Izenberg,* 589 F.Supp.2d at 1199.

15 Because Plaintiffs' first two claims are barred by law, they cannot be cured by amendment. Accordingly, these claims should be dismissed with prejudice.

17 **B. The Third Claim for Violation of California Credit Reporting Agencies Act Fails Because There is No Private Right of Action under the Statute and Because the Statute is Preempted by Federal Law.**

21 Plaintiffs assert a cause of action for violation of the Consumer Credit Reporting Agencies Act ("CCRAA"), codified at Civil Code section 1785, based on unspecified conduct by Defendant.

24 To the extent Plaintiffs intend to assert a claim under subsection (a) of Civil Code section 1785, the claim is barred by law because this subsection does not provide for a private right of action. *Roybal v. Equifax*, 405 F.Supp.2d 1177, 1181, fn.5 (E.D.Cal.2005).

28 To the extent Plaintiffs intend to assert a claim under Civil Code section

1785 subsections (b) through (f), such claims are preempted by the Federal Credit Reporting Act. *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 889 (9th Cir. 2010); *Roybal, supra,* 405 F.Supp.2d 1177, 1181.

### C. The Fourth Claim Fails Because Foreclosure Cannot Amount to the Sort of Extreme Conduct Required to Support an Emotional Distress Claim.

Plaintiffs allege they are the victims of an unlawful foreclosure. (Complaint, ¶ 23.)

The elements of a prima facie case for the tort of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard [for] the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Wilkins v. National Broad. Co.,* 71 Cal. App. 4th 1066, 1087 (1999).

"Outrageous conduct" means conduct that "exceed[s] all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Ochoa v. Superior Court*, 39 Cal.3d 159, 166 fn.5 (1985). "Where a lending party in good faith asserts its right to foreclose according to contract, however, its conduct falls shy of 'outrageous,' however wrenching the effects on the borrower." *Davenport v. Litton Loan Servicing LP,* 725 F. Supp.2d 862, 884 (N.D. Cal. 2010). "It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid." *Sierra-Bay Fed. Land Bank Assn. v. Superior Court,* 227 Cal.App.3d 318, 334 (1991) (citing several cases); *Quinteros v. Aurora Loan Services* 740 F.Supp.2d 1163, 1172 (2010) (the act of foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim).

1    Plaintiffs have failed to plead the elements of this claim. Because
2 foreclosure cannot support a claim for intentional infliction of emotional distress,
3 this claim should be dismissed with prejudice.

4  **D.  The Fifth Claim for Injunctive Relief Fails Because Injunctive Relief is Not a Cause of Action Under California Law.**

6    A request for an injunction is not a cause of action under California law.
7 *Major v. Miraverde Homeowners Ass'n,* 7 Cal. App. 4th 618, 623 (1992); *Korean*
8 *Am. Legal Advocacy Found. v. City of Los Angeles,* 23 Cal. App. 4th 376, 397
9 (1994). Therefore, this claim should be dismissed with prejudice.

10   Further, Plaintiffs' injunctive relief claim presumably is based on the other
11 claims dispelled above. Because Plaintiffs have failed to allege an independent
12 basis for injunctive relief, this claim should also be dismissed with prejudice.

13 **III.   CONCLUSION**

14   For the foregoing reasons, Defendant respectfully requests this Court to
15 grant its Motion to Dismiss in its entirety with prejudice.

17 Dated: August 22, 2014          HOUSER & ALLISON, APC

19                       s/ John P. Ward
                         John P. Ward
20                       Attorneys for Defendant
21                       OCWEN LOAN SERVICING, LLC (erroneously named as Ocwen Loan Services, LLC)

# PROOF OF SERVICE

1

2   I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On August 22, 2014 I served the following document(s) described as follows:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

On the following interested parties in this action:

Gary Garcia
Kristina Garcia
23850 Hollingsworth Drive
Murrieta, CA 92562

☒   FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on August 22, 2014 at Irvine, California.

                                        s/ Courtney Hershey
                                        Courtney Hershey